UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONNIE D. DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cv-5-WTL-TAB |
| | ) | |
| SMITHVILLE COMMUNICATIONS, INC. | ) | |
| f/k/a SMITHVILLE TELEPHONE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY REGARDING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DEFENDANT'S OBJECTION TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION ADDRESSING THAT MOTION

The Court referred the Defendant's Motion for Summary Judgment (dkt. no. 30) to

Magistrate Judge Tim Baker for a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B), which he entered on July 18, 2012 (dkt. no. 51). The Defendant filed timely

objections to the report and recommendation; the Plaintiff did not respond. The Court has

conducted the requisite *de novo* review of the issues raised in the Defendant's objection, Fed. R.

Civ. P. 72(b)(3), and, being duly advised, now rules as follows.

## I.      STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court

must accept as true the admissible evidence presented by the non-moving party and draw all

reasonable inferences in the non-movant's favor.  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d

487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the

record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party=s favor.").  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.*  Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.     BACKGROUND

Defendant Smithville Communications ("Smithville") is a technology company that provides telecommunications and DSL services to its residential and business customers. Plaintiff Ronnie Decker began employment with Smithville as a Network Administrator in April 2008 and remained in that role throughout his employment at Smithville. He resigned his employment in December 2010.

In his complaint, Decker asserts that he is entitled to overtime compensation for hours he worked while a Network Administrator at Smithville. In response, Smithville argues that Decker is an "exempt" employee not entitled to overtime compensation. Smithville has moved for summary judgment on this basis.

The facts, taken in the light most favorable to the non-moving party, will be discussed below where appropriate.

## III.     DISCUSSION

The Fair Labor Standards Act provides that eligible employees will receive compensation for services in excess of forty hours in a workweek at a rate not less than one and one-half times the regular rate. 29 U.S.C. § 207(a)(1). However, employees employed in a "bona fide executive,

administrative, or professional capacity" are excluded from § 207. 29 U.S.C. § 213(a)(1). "The application of an exemption under the [FLSA] is a matter of an affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).

In its motion for summary judgment, Smithville argued that Decker was exempt under three different exemptions: the administrative exemption, the computer employee exemption, and the combination exemption. The Court addresses the Magistrate Judge's recommendations and the Defendant's objections with respect to each exemption below.

### A.      Administrative Exemption

An employer establishes the administrative exemption by demonstrating the following elements: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) the employee's primary duty includes the exercise of discretion and independent judgment  with respect to matters of significance. 29 C.F.R. § 541.200.

With respect to this exemption, the Magistrate Judge found prong one undisputed and prong two satisfied inasmuch as Decker admitted in his deposition that the primary type of work he performed was office work. The Magistrate Judge then turned to whether Decker's primary duties were directly related to management and general business operations.

Smithville asserted that Decker's primary duties were "network administration":

building a new virtual server network; implementing the Solomon accounting
platform; managing and maintaining servers; setting up the Windows 2008 server;
developing group policies to deploy software; enforcing corporate policy
concerning regulatory compliance; planning, designing and implementing an
Active Directory infrastructure; evaluating network structure/operation to
improve security, efficiency and throughput; monitoring network usage;

recommending network purchases; researching and recommending new
technology, problem-solving network issues, creating and maintaining change
documentation on servers and infrastructure; training co-workers; serving as
liaison with Smithville vendors; solving a client problem; and advising
management on network issues.

Other projects included building a new physical infrastructure to enhance network functionality,

recommending the purchase of a new server, transferring data to servers, and serving as a project

manager and technical lead for multiple network upgrades. In response, Decker argued that his

primary duties were "help desk" related:

creating, maintaining and changing access for user accounts; providing user
support for personal computers, software and mobile devices; backing up data;
handling restore requests; maintaining production printers, including obtaining
page counts; changing cartridges in printers; checking for and rolling out
Microsoft updates; and providing support for videoconferencing needs.

After reviewing the relevant designated evidence, the Magistrate Judge opined that "[the]

Defendant makes a convincing argument that could lead a jury to conclude [that the] Plaintiff's

primary duties were related to management and that he exercised discretion on matters of

significance so that he was an exempt employee," but found that the Plaintiff had also put forth

evidence that could lead a reasonable jury to conclude the opposite. Accordingly, there was a

genuine issue of material fact, and the Magistrate Judge recommended that summary judgment

be denied.

Smithville argues that the Magistrate Judge erred when he found that Decker's evidence

could lead a jury to conclude that Decker's primary duties were not "directly related to assisting

with the running or servicing of the business." Specifically, the Magistrate Judge erred,

according to Smithville, because he focused solely on the numbers – Decker's assertion that he

spent eight hours a day working on help desk tasks – instead of the relative importance of

Decker's duties.

Indeed, whether an employee's duties together constitute an employee's "primary duty"

is a fact-intensive inquiry.

> The term "primary duty" means the principal, main, major or most important duty
> that the employee performs. Determination of an employee's primary duty must
> be based on all the facts in a particular case, with the major emphasis on the
> character of the employee's job as a whole. Factors to consider when determining
> the primary duty of an employee include, but are not limited to, the relative
> importance of the exempt duties as compared with other types of duties; the
> amount of time spent performing exempt work; the employee's relative freedom
> from direct supervision; and the relationship between the employee's salary and
> the wages paid to other employees for the kind of nonexempt work performed by
> the employee.
>
> (b) The amount of time spent performing exempt work can be a useful guide in
> determining whether exempt work is the primary duty of an employee. Thus,
> employees who spend more than 50 percent of their time performing exempt work
> will generally satisfy the primary duty requirement. Time alone, however, is not
> the sole test, and nothing in this section requires that exempt employees spend
> more than 50 percent of their time performing exempt work. Employees who do
> not spend more than 50 percent of their time performing exempt duties may
> nonetheless meet the primary duty requirement if the other factors support such a
> conclusion.

29 C.F.R. §541.700. Smithville is correct that the amount of time spent on a duty is itself not

"the sole test," but even so, Decker has identified other evidence from which a reasonable jury

could nonetheless find that Decker's primary duty was managing the help desk. For example,

Decker explained that managing the help desk directly impacted Smithville's customers:

> Q:      . . . . Would your priorities change on a day-to-day basis, depending on
>         what was happening?
>
> A:      Yes. I mean, like if I'm taking calls from accounting people that can't get
>         their e-mail, and a customer service rep would call with a problem, my
>         priority is going to be the customer service rep to take care of the customer
>         so they can get them out the door.
>
>         . . . .
>
>         But if something else came in, that I felt was more important, and always
>         customer service was important than me [sic], I would take the customer
>         service problem, and then come back to the other problem.

. . . .

> Q:      You would agree that your work and the work of your department was of substantial importance to Smithville, correct?
>
> A:      Yes, in order to, you know, keep customer services, people were locked out, they couldn't do their job. They relied on us to unlock them and reset their passwords and things like that, yes.

This evidence, combined with Decker's assertion that he spent eight hours a day working the help desk and the other evidence designated by the Magistrate Judge,[1] could lead a reasonable jury to conclude that Decker's help desk duties were the most important duty he performed. Decker has raised a genuine issue of material fact as to his primary duties, and because he has done so, summary judgment is not warranted.

Smithville also argues that the Magistrate Judge erred when he ignored Smithville's job advertisement, Decker's resume, and Decker's expectations when he took the job. Smithville asserts that the primacy of Decker's exempt duties as Network Administrator were "made clear to Plaintiff from the very beginning of his employment." Smithville contends that such "unbiased evidence" as job advertisements, as well as the job applicant's pre-employment representations, are "heavily credited" by courts in making their primary duty determinations. This may be true, but to engage in this sort of "crediting" at this stage would result in this Court impermissibly weighing the evidence. As the Magistrate Judge acknowledged, "[Decker's] resume, credentials, job title, and deposition are compelling evidence of his primary duties, [but Decker] only needs to identify a genuine dispute of material fact to survive summary judgment."  As explained

---

[1] Smithville takes issue with Decker's affidavit that he filed after his deposition. After reviewing the deposition and the affidavit, the Court agrees with the Magistrate Judge that there are some obvious inconsistencies. In such case, the deposition controls. However, as the Magistrate Judge explained, the Court need not dwell on the inconsistencies; key portions of the affidavit are consistent with the deposition and in those respects the assertions must be accepted as true.

above, Decker has done so. These facts may indeed provide "fruitful cross examination at trial,"

but it is not the province of the Court to weigh this evidence at this stage.[2]

Prong three of the administrative exemption requires the employee's primary duty to

include "the exercise of discretion and independent judgment with respect to matters of

significance." 29 C.F.R. § 541.200(a)(3). Smithville argues that Decker's duties meet this

requirement, as he:

> Made recommendations for the corporate network upgrade; recommended the
> purchase of a new HP server, resulting in a tenfold increase in data speed;
> traveled to a customer site to resolve a customer issue; changed the Active
> Directory infrastructure; recommended technology changes, many of which were
> accepted; researched various software for use; made multiple recommendations
> for changes to the network structure; changed the configuration on the hard
> drives; mapped out migration of data processes; analyzed and resolved a security
> issue with the bill payment system; analyzed system performance statistics and
> implemented changes to increase efficiency; made determinations on the location
> to house various software; analyzed network circuitry and structure;
> recommended getting rid of Citrix; analyzed functions for the disaster recovery
> site; analyzed issues with backup speed, resulting in an increase of 6 times the
> speed; researched and made security recommendations; analyzed and moved data
> to a virtual server in an emergency situation, preventing the loss of server data;
> and troubleshot issues with servers during down times.

With respect to prong three, the Magistrate Judge concluded that there was a genuine

issue of fact as to whether Decker exercised discretion and independent judgment because there

---

[2] The existence of a dispute as to Decker's primary duty may not matter in the long run, for even if Decker's primary duty is that of a help desk worker, this duty may "directly relate[ ] to the management or general business operations." "To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). If that is true, then prong two may be satisfied. However, the Court need not address this argument, as Smithville never makes it; rather, Smithville proceeds entirely on the assumption that help desk duties are non-exempt, although the case Smithville presumably relies on does not stand for this proposition. *See Bobadilla v. MDRC*, 2005 WL 2044938 at *7, 2005 U.S. Dist. LEXIS 18140 (S.D.N.Y. 2005) (noting in its factual background, but not holding, that "MDRC's IT Department also included Help Desk employees who are classified as non-exempt. . . . Help Desk employees are paid an hourly wage plus overtime for hours worked in excess of forty hours per week.").

was an issue as to the frequency and extent that Decker exercised discretion with respect his

network administration duties. The frequency and extent of Decker's exercise of discretion is

irrelevant to the inquiry, Smithville argues, because the regulation requires merely that the

employee's primary duty *includes* the exercise of discretion. In addition, according to Smithville,

the Magistrate Judge erred because he found that Decker was subject to supervision, which

supervision undermined Smithville's assertion that Decker exercised discretion and independent

judgment.

Smithville is correct that the law requires no certain threshold as to the frequency or

extent of an employee's exercise of discretion. *See* Defining and Delimiting the Exemptions, 69

Fed. Reg. 22122-01, 22142-43 (April 23, 2004) ("[T]here has been some confusion regarding the

appropriate standard under the existing "short" duties test, [but] federal court decisions have

recognized that the current "short" duties test does not require that the exempt employee

"customarily and regularly" exercise discretion and independent judgment, as does the

effectively dormant "long" test.). Smithville is also correct that review by a superior does not

preclude a finding that an employee exercised discretion. 29 C.F.R. § 541.202(c)("The exercise

of discretion . . . implies that the employee has authority to make an independent choice, free

from immediate direction or supervision. However, employees can exercise discretion . . . if their

decisions or recommendations are reviewed at a higher level. Thus, the term . . . does not require

that the decisions made by an employee have a finality that goes with unlimited authority and a

complete absence of review."). Thus, based on Smithville's assertions of Decker's duties,

Smithville has put forth evidence from which a reasonable jury could find that Decker exercised

discretion and independent judgment as a Network Administrator. However, as the Magistrate

Judge pointed out, "the third prong also emphasizes that such discretion was part of Plaintiff's

primary duties." If, as outlined above, the jury were to conclude that Decker's primary duty was

that of a help desk worker, then the discretion and independent judgment he exercised with

respect to collateral duties such as network administration cannot carry the day for the Defendant

at prong three.[3] Thus, the existence of a factual dispute at step two renders step three disputed as

well, and Smithville is not entitled to summary judgment.

### B.      Computer Employee and Combination Exemptions

Pursuant to 29 U.S.C. § 213(a)(1) and (17), certain computer employees are exempt from

overtime payment requirements. Under either section, the exemption applies only to computer

employees whose primary duty consists of:

> (1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
>
> (2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
> (3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
>
> (4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

29 C.F.R. § 541.400(b).

With respect to this exemption, the Magistrate Judge again identified an issue of fact as to

Decker's primary duties: were they "network administration" or "help desk"? Because the

computer exemption requires the same primary duty analysis that the Magistrate Judge had

---

[3] The Court again notes that Smithville has not argued that Decker exercised discretion and independent judgment with respect to matters of significance in his role as a help desk worker.

already identified as involving a genuine issue of fact, he recommended that summary judgment be denied as to the computer exemption.

Under 29 C.F.R. § 541.708, employees who perform a combination of exempt duties may qualify for an exemption. "[F]or example, an employee whose primary duty involves a combination of exempt administrative and exempt executive work may qualify for exemption." 29 C.F.R. § 541.708. With respect to this exemption, the Magistrate Judge again cited a genuine issue of material fact as to Decker's primary duty and therefore recommended that summary judgment be denied.

Smithville faults the Magistrate Judge for providing "little analysis" of these exemptions and once again giving Decker's assertions regarding the amount of time he spent on help desk duties undue weight. However, there was no need for the Magistrate Judge to delve further, for as described above, there is sufficient evidence from which a reasonable jury could conclude that Decker's primary duty was help desk management, not network administration, as was urged by Smithville.[4] Accordingly, summary judgment was appropriately denied as to these exemptions.

## IV.    CONCLUSION

For the reasons set forth above, the Defendant's objections to the Magistrate Judge's report and recommendation are overruled. Accordingly, the Court adopts the report and recommendation and **DENIES** the Defendant's motion for summary judgment.

SO ORDERED:    09/18/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[4]  Because Smithville appears to assume that if Decker's primary duty were help desk management, Decker would not be exempt under either exemption, the Court does so as well.

10